Samuel M. Gold, J.
This is a motion by Hudson & Manhattan Corporation, hereinafter referred to as “ Hudson ”, and Hudson Rapid Tubes Corporation, hereinafter referred to as “ Tubes ”, for an order directing Port Authority Trans-Hudson Corporation, hereinafter referred to as “ Path ’ ’, to make payments in advance of the final determination of their damages in this condemnation proceeding, pursuant to subdivision (x) of section 1 of chapter 819 of the Laws of 1947. Hudson seeks a payment of $9,066,600 to itself or to Manufacturers Hanover Trust Co., as trustee under a mortgage indenture, “ as their respective interests may appear”. Tubes asks that $6,777,327 be paid directly to it.
By petition to condemn, dated June 28,1962, Path applied for an order condemning two large office buildings and other property, real and personal, belonging to Hudson and Tubes and *414 utilized in connection with the Hudson Tubes. Path is a wholly owned subsidiary of the Port of New York Authority, formed May 10, 1962, pursuant to authorization contained in section 12 of chapter 209 of the Laws of 1962, for the purpose of acquiring the railroad and other property of Hudson and Tubes which Path might deem necessary for the maintenance and operation of the railroad. Thereafter, Path made a further application for an order requiring the Sheriff to put it into possession of property denominated Parcels 1 through 53 in the petition to condemn, excluding certain leased space, insofar as such property was located in New York State. On July 26, 1962, orders of this court were made, which granted both applications. By the terms of said orders Path was vested with title to the properties sought to be condemned, and became entitled to possession thereof on September 1, 1962. It thereupon took possession of said properties.
■Subdivision (x) of section 1 provides in part, that: “ Where the port authority has taken possession of the real property to be acquired prior to the entry of the final decree, the port authority shall, on written request, pay to the parties entitled thereto a sum equal to sixty pereentum of the assessed value of the real property taken, less the liens and encumbrances of record therein within sixty days after taking possession thereof * * * Before any such advance payment shall be made the port authority shall procure the certificate of its general counsel showing that the person, to whom payment is to be made, is the person legally entitled to receive the same.”
By letters dated September 28, 1962 Hudson and Tubes demanded payment of sums equal to 60% of the assessed valuations of their respective condemned properties within 60 days after September 1, 1962, the date Path took possession of such properties.
On the failure of Path to comply with the demands, the applications now before the court were made to compel Path to make the payments.
Path opposes the granting of the applications on various grounds which will now be considered.
The first objection raised by Path is that appeals are pending in the Appellate Division from various orders affecting the validity of the condemnation including the orders granting Path’s applications to condemn and to take possession. Path urges that the present motion should be adjourned pending the determination of the appeals. This court is however bound to follow the orders of other Justices of the court which have upheld the validity of the condemnation and of the statutes upon which *415 it is based. It cannot assume that the Appellate Division will reverse those orders. This is particularly true in the light of the presumption of constitutionality attaching to legislative enactments. No attempt is made by Path to establish that the orders are erroneous and the statutes unconstitutional. Indeed, Path’s position has at all times been that the orders are correct and the statutes constitutional. In these circumstances, the mere pendency of appeals by others from the orders upholding the condemnation is insufficient, in itself, to justify a refusal by this court to withhold, even temporarily, the relief here applied for on the basis of such orders. As counsel for Hudson and Tubes aptly points out, appeals to the Court of Appeals, and perhaps even to the United States Supreme Court from the orders of the Appellate Division are probable, even if these orders affirm the orders now in force. The same request for adjournment would undoubtedly be renewed for the period until the validity of the orders had been decided by the highest court. In the meantime, Path has been and will have been in possession of and operating the properties taken over by it, and Hudson and Tubes are left with virtually no assets. To deprive Hudson and Tubes of the advance payments authorized by subdivision (x) of section 1, merely because of the pendency of appeals, while Path is obtaining and retaining all the benefits of the orders appealed from would be manifestly unjust.
It is well to note, in this connection, that at the time Path commenced the proceeding to condemn and applied for possession, it was aware of the fact that the validity of the legislation authorizing the condemnation was being contested. It was under no obligation to apply to be placed into possession of the properties sought to be condemned until after the validity of the legislation had finally been adjudicated. Had it awaited such an adjudication before applying for possession, it would not have subjected itself to the liability for an advance payment imposed by subdivision (x) of section 1. Having deliberately elected, with knowledge of the riskes involved, to apply for and take possession, Path should not now be permitted to accept the benefits of such election and reject the statutory burdens which flow from that election.
In the situation presented, the sole remedy, if any, available to Path is an application to the Appellate Division for a stay of the present application or of any order which this court may make thereon. Nothing said in this opinion is, however, intended to indicate this court’s views as to the propriety of granting such a stay. The considerations appropriate to the determination of a motion for a stay by the very court before *416 which the appeals are pending are wholly different from those applicable to the disposition of the present motion by this court.
The second ground of opposition presented by Path is that it has been unable to raise funds into which to make the payments demanded, because of the unwillingness of lenders to supply financing while appeals are pending which may result in a holding that the condemnation is invalid. Path voluntarily applied for possession with knowledge that there was a substantial risk that attacks upon the validity of the condemnation might be successful. It knew that it might not be able to raise the funds needed to comply with subdivision (x) of section 1, because of the pendency of such attacks. It nevertheless deliberately elected to apply for and take possession. Although the president of Hudson and of Tubes requested Path to take possession as soon as possible, Path was under no obligation to do so. It is clear that the president did not make any agreement that, if Path did take possession prior to the termination of the litigation as to the validity of the condemnation, Hudson and Tubes would not apply for the advance payment authorized by the statute until such termination. Path’s claimed inability to make the payments demanded is, in the court’s opinion, no defense to the granting of this motion for relief mandated by statute. It may not be amiss to note that it is not at all clear that funds to make the payments cannot be obtained. Under chapter 209 of the Laws of 1962 it was the Port Authority, not Path, which was authorized to undertake the unified project and the bonds authorized to be issued were to be those of the Port Authority. The act expressly provides that any subsidiary created by the Port Authority (i.e., Path) “ shall not have the power to contract indebtedness ’ ’. It may be that the Port Authority is liable for the payments demanded. It is difficult to believe that the Port Authority is unable to comply. Moreover, that question need not be decided here, for even if it be assumed that there is an inability to comply the statute requires the granting of the present motion if the other requirements of the statute are met.
The third objection interposed by Path to the granting of this motion is the alleged absence of a “ certificate of its (the Port Authority’s) General Counsel showing that the person, to whom payment is to be made, is the person legally entitled to receive the same ’ ’. It is true that the statute expressly makes such a certificate expressly a condition precedent to the advance payment of 60% of the assessed value of the condemned property of the claimant. The purpose of the statute authorizing *417 advance payments where the condemnor has taken possession was to enable those entitled to awards to obtain advance payments of 60% of the assessed valuations of their properties (apparently on the assumption that the amounts ultimately allowed would not be less than 60% of the assessed values). The Legislature apparently did not intend that such advance payments should be made while questions were still open as to the right of a claimant to the full amounts ultimately to be awarded after deduction of liens and incumbrances of record. The obvious purpose of the requirement of the certificate of the Port Authority’s general counsel was to guard against this possibility. Nevertheless, if the failure of the Port Authority’s general counsel to furnish the statutory certificate is arbitrary and capricious and without substantial basis, the absence of the certificate may be disregarded. Otherwise, claimants of the advance payments authorized by the statute would be at the mercy of the whims, bad faith and ulterior motions of the condemnors own general counsel and one provision for mandatory payments would, in practice, become one for payments at the option of the condemnor. It is accordingly necessary to examine the grounds upon which the Port Authority’s general counsel has refused to issue the certificate to Hudson and to Tubes.
The first ground relied on by the general counsel, in the case of Hudson, is the existence of a first mortgage lien of $10,038,100, pursuant to an indenture of which Manufacturers Hanover Trust Co. is trustee. The general counsel points at that deduction of the $10,038,100 from the $9,066,600 claimed by Hudson (as 60% of the assessed value of its properties) leaves nothing for Hudson. He emphasizes that although the trustee of the mortgage consents to the granting of the motion, which asks that the $9,066,600 be paid to Hudson or the trustee “ as their respective interests may appear ”, and is willing to accept the payment in reduction, pro tanto, of the mortgage, the trustee does not itself affirmatively request the payment. The position of general counsel in this respect is super technical. The rights of Path would in no way be prejudiced by the making of an order directing that the $9,066,600 be paid directly to the trustee of the mortgage in reduction thereof, for the account of Hudson, the mortgagor. Such an order is acceptable to both the trustee and Hudson, who, between them, are clearly entitled to an advance payment of the $9,066,600 (assuming that the remaining objections of general counsel are without merit). It is undenied that Hudson has the right to prepay or redeem, in whole or in part, on 30 days’ prior notice. No such notice *418 could be given until Hudson obtained the funds necessary to make the prepayment. Compliance with the mortgage indenture may be assured if the order to be made herein provides that the pro tanto redemption shall not take effect until 30 days after the trustee’s receipt of the prepayment funds from Path. In this way the rights of the bondholders under the mortgage indenture will be adequately protected.
If a different provision assuring the giving of the required notice of prepayment, more acceptable to Hudson, is feasible, such provision may be suggested on the settlement of the order to be entered herein.
The next ground urged by general counsel for refusing to issue a certificate is that there are five tenants of Hudson who have proved their rights to awards for the values of their leases. It appears to be undenied, however, that the leases in question are expressly made subject to the mortgages on the property. Since the $9,066,600 demanded is to be paid to the mortgagee and will reduce the amount of the mortgage pro tanto, it is evident that the claims of the five tenants would in no way be prejudiced by the granting of the motion. Since no claims for advance payments may be successfully made by any of the lessees, in view of the fact that the total advance payment available to Hudson and the lessees is $9,066,600, which is less than the amount of the mortgage, Path is in no way prejudiced by the payment of the $9,066,600 in reduction of the mortgage. There is no possibility that it will be required to make advance payments to others, which will result in its being liable for more than the $9,066,600 payment mandated by statute. In the circumstances, the objection of general counsel which is based on the existence of five claims for leasehold value does not appear to be sufficient to defeat Hudson’s right to have the advance payment made to the mortgagee in reduction of the mortgage.
The last objection of general counsel to the Hudson claim is that Tubes has an interest in the Hudson properties. The affidavit of the general attorney and secretary of Hudson and of Tubes states that a waiver of Tube’s interest can be obtained.
The motion of Hudson is accordingly granted to the extent of directing Path to pay to Manufacturers Hanover Trust Co. $9,066,600, for the account of Hudson, in pro tanto reduction of the amount of the mortgage held by said trust company, the reduction to take effect 30 days after receipt of the funds, on condition, however, that Hudson, prior to such payment, furnish Path with a properly executed release by Tubes of any claim it may have to an interest in the Hudson properties.
*419 It is to be noted that the fixture claims of various lessees are not involved in the granting of the present motion, since they are neither liens nor incumbrances of record, nor claims to partial title. The fixture claims have not been considered.
In the case of Tubes, however, the failure of general counsel to the Port Authority to furnish the statutory certificate can not be held to be arbitrary or made in bad faith. The affidavit of Pallme, an attorney associated with said general counsel, refers to various open questions affecting the title of Tubes to the condemned properties claimed by it. As to Damage Parcel 15, it is stated that a portion thereof is outstanding in unknown owners and that a survey is necessary to determine the proper division of the award for this parcel. In the case of certain other damage parcels, it is stated that a blanket assessment in New Jersey has precluded an allocation and division of the assessment between the separate parcels, hereby preventing determination of the amount of advance payments due Tubes. As to other damage parcels it is claimed that serious questions exist as to possible rights of the State of New Jersey, as to certain easement rights granted by the Erie Railroad Company (as to which a legal memorandum has been requested), as to the rights of others in connection with easement rights granted by the Pennsylvania Railroad, and as to other possible title defects. The court is unable, on the inadequate record now bef ore it, to hold that these various possible defects of title are wholly lacking in merit and that general counsel’s failure to furnish the required certificate is wholly without basis. The reply affidavit of Driver, general attorney for Tubes, makes no attempt to discuss the various open questions above referred to, but contents itself with a statement that they ‘ ‘ are minor details which Path will eventually want clarified but this should not be interposed here to block the advance payment ”. In this court’s opinion, it is not clear that they are “ minor details ”. There is a possibility that others may be entitled to share in the 60% of the assessed value claimed by Hudson. The amount of their shares cannot be calculated or estimated by the court. To grant Tubes’ motion at this time could result in Tubes’ obtaining more than it is entitled to receive.
The application of Tubes is accordingly denied but without prejudice to a renewal, after the issuance of the required certificate of general counsel, or on papers showing either that there is no merit to the title questions raised by general counsel, or that the alleged defects have been cleared up, or showing the maximum amounts of the possible interests of others in the properties of Tubes.
*420 Subdivision (x) of section 1, authorizes an advance payment of 60% of the assessed value of the condemned real estate. Nevertheless, the $6,777,327 demanded by Tubes represents 60% of the assessed valuation of the personal property taken as well as of the real estate. Counsel for Tubes claims that its demand is justified by the provision of section 14 of chapter 209 of the Laws of 1962 which reads: “ all of said statutes for the condemnation of real property shall, for any of the purposes of this act, be applied also to the condemnation of other property authorized by this section, except that such provisions as pertain to surveys, diagrams, maps, plans or profiles, assessed valuation * * * and such other provisions as by their nature cannot be applicable to property other than real property, shall not be applicable to the condemnation of such other property ”. (Emphasis supplied.) The contention is made that the provision for paying 60% of the assessed valuation is not one which “ cannot be applicable to property other than real property ” and that, therefore, it is equally applicable to personal property. This contention seems to ignore the fact that section 14 expressly excludes provisions relating to “ assessed valuation ” from its scope and that the subsequent provision excepting additional real property provisions from the scope of section 14, refers only to “ such other provisions ” as may by their nature be inapplicable to personal property. It would seem that said subsequent provision does not have the effect of nullifying the express prior exception of provisions pertaining to assessed valuation. Moreover, in view of the fact that the motion of Tubes must be denied as premature, it is unnecessary to consider this question at the present time.